UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

REXON INDUSTRIAL CORP., LTD.,   :
RUEY-ZON CHEN, GEORGE KU,       :
WAYNE HUANG and ERIC LO,        :
                                :
    Plaintiffs,             :   CIVIL ACTION NO.
                                :   302CV259 (SRU)
v.                              :
                                :
RYOBI TECHNOLOGIES, INC.,       :
                                :
    Defendant.              :   OCTOBER 13, 2003

## ANSWER TO SUBSTITUTE AMENDED COMPLAINT

Defendant Ryobi Technologies, Inc. ("Ryobi"), hereby responds to the Substitute Amended Complaint and Demand for Jury Trial (the "Amended Complaint") of plaintiffs Rexon Industrial Corp., Ltd. ("Rexon"), Ruey-Zon Chen, George Ku, Wayne Huang and Eric Lo (collectively, "Plaintiffs") as follows:

1.     Ryobi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.     Ryobi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint.

3.     Ryobi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint.

4.     Ryobi admits the allegations in paragraph 4 of the Amended Complaint.

5.     Ryobi denies the allegations in paragraph 5 of the Amended Complaint, except to state that the Amended Complaint purports to allege patent infringement under 35 U.S.C. §§ 271 and 281 for infringement of U.S. Patent No. 5,896,799 ("the '799 patent"), and that Ryobi does

not contest venue in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Ryobi denies that jurisdiction exists under 28 U.S.C. § 1338(a).

6. Ryobi denies the allegatios in paragraph 6 of the Amended Complaint, except to state that Chen was the sole party named as an inventor on the '799 patent when it issued from the U.S. Patent & Trademark Office.

7. Ryobi denies the allegations in paragraph 7 of the Amended Complaint.

8. Ryobi denies the allegations in paragraph 8 of the Amended Complaint, except to state that, in the course of this litigation, Rexon has produced to Ryobi the following documents: (a) an Assignment of the '799 patent purportedly executed by Chen in November 2002; and (b) a Corrected Assignment of the '799 patent purportedly executed by Chen on or about April 29, 2003.

9. Ryobi denies the allegations in paragraph 9 of the Amended Complaint, except to state that, in the course of this litigation, Rexon has produced to Ryobi documents purportedly constituting assignments of the '799 patent to Rexon by Huang, Ku and Lo. Such documents are dated April 28, 2003.

10. Ryobi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Ryobi denies the allegations in paragraph 11 of the Amended Complaint.

12. Ryobi denies the allegations in paragraph 12 of the Amended Complaint.

13. Ryobi denies the allegations in paragraph 13 of the Amended Complaint, except to state that it received a letter purportedly sent by counsel for Rexon on or about January 18, 2002, and attaching a copy of the '799 patent, and to state that Ryobi switched to an alternative locking mechanism shortly thereafter. Ryobi admits that the Amended Complaint purports to

demand that Ryobi immediately cease the manufacture, importation, distribution, sale and offering for sale in the United States of allegedly infringing tools.

14. Ryobi denies the allegations in paragraph 14 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The sole claim of the '799 patent is invalid, unenforceable and void by reason of Plaintiffs' failure to comply with one or more conditions of patentability specified in Title 35, United States Code, including but not limited to Sections 101, 102, 103 and 112.

2. Plaintiffs' claim of infringement of the '799 patent is barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

3. Plaintiffs are barred from recovering damages from Ryobi for the alleged infringement of the '799 patent by reason of Plaintiffs' failure to comply with Title 35, United States Code, including but not limited to Section 287 for, among other things, Rexon's failure to properly mark its allegedly patented products.

4. Plaintiffs Chen, Ku, Huang and Lo lack standing in this proceeding as a result of their assignments of legal title to the '799 patent to Rexon.

Dated: October 13, 2003

                            Respectfully Submitted,

                            _[signature]_

                            James D. Veltrop (ct16325)
                            Email: jdv@avhlaw.com
                            Chad A. Landmon (ct20932)
                            Email: cal@avhlaw.com
                            Axinn, Veltrop & Harkrider LLP
                            90 State House Square
                            Hartford, CT 06103-3702
                            Telephone:   860-275-8100
                            Facsimile:    860-275-8101

                            Attorneys for Defendant
                            RYOBI TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Answer to Substitute Amended Complaint has been sent via first-class U.S. mail, postage prepaid, this 13th day of October, 2003 to:

Mark D. Giarratana, Esq.
Eric C. Grondahl, Esq.
Cummings & Lockwood
CityPlace I
185 Asylum Street
Hartford, CT  06103-3495
Telephone:     860-275-6719
Facsimile:      860-724-3397

_____
Chad A. Landmon